UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

In Re: CHRISTOPHER ERIC MUMM )
Attorney at Law )
)
)

FILED
MAR 25 1998
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

ORDER

This Court has received a copy of an Order filed in the Supreme Court of the State of Nevada on January 23, 1998, in the above-entitled action. Said Order is attached hereto.

IT IS ORDERED that CHRISTOPHER ERIC MUMM is hereby SUSPENDED from practice before the United States District Court for the District of Nevada. In the event CHRISTOPHER ERIC MUMM is reinstated to practice law before the Supreme Court of the State of Nevada, he may file a request to be reinstated to practice before this Court.

The request for reinstatement shall be directed to the Chief Judge and shall include a statement supporting the application for reinstatement. Upon receipt of the application for reinstatement, the Court may reinstate the attorney, continue the suspension, or require the attorney to show cause why the reinstatement should be granted.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

1     IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order, attorney CHRISTOPHER ERIC MUMM shall provide this Court with a list of any actions pending in this Court in which he appears as counsel.

DATED: MARCH 25, 1998

_____
HOWARD D. MCKIBBEN
CHIEF U.S. DISTRICT JUDGE

_____
PHILIP M. PRO
U.S. DISTRICT JUDGE

_____
DAVID W. HAGEN
U.S. DISTRICT JUDGE

RECEIVED
MAR 9 1998
CLERK
DEPUTY

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF CHRISTOPHER ERIC MUMM.

No. 30810

FILED

JAN 23 1998

JANETTE M. BLOOM
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

### ORDER OF SUSPENSION

This is an automatic appeal from a decision of a hearing panel of the Northern Nevada Disciplinary Board of the State Bar of Nevada. See SCR 105(3)(b).

Pursuant to SCR 113 and in exchange for a stated form of discipline, attorney Christopher Mumm tendered a conditional guilty plea to a formal disciplinary complaint. The plea was unanimously accepted by a hearing panel of the Northern Nevada Disciplinary Board, which thereafter forwarded its findings and recommendations to this court for final approval. See SCR 113(1).

Having reviewed the record of proceedings, we approve the conditional plea and the stated form of discipline. We adopt in large part the State Bar's order of suspension, as follows:

TO: CHRISTOPHER ERIC MUMM, Attorney at Law.

In 1994, you agreed to establish and administer a trust for your wife's nephew, Joshua Wasile. The funds used to establish the trust had been awarded to Wasile, a participant in a class action Supplementary Social Security Income (SSI) settlement, in the lump-sum amount of approximately Twenty-Four Thousand Dollars ($24,000). The Trust Agreement, which you prepared, included provisions that you, as Trustee, were to: (1) without demand, provide Wasile with a quarterly statement of receipts and disbursements



showing the full status of the trust; (2) adhere to SSI rules in administering the trust; (3) provide Wasile with signed withdrawal slips indicating use of the funds; (4) provide Wasile with receipts for payout from the trust; and, within forty-five (45) days of a written demand from Wasile, provide Wasile with a complete statement of account for the trust fund.

At the time you sent the Trust Agreement to Wasile for his execution before a notary public, you were aware that on March 1, 1994, the date on which Wasile executed the Trust Agreement, Wasile was a disabled minor, living in a special care facility called Thresholds. However, you made no attempt to determine who was Wasile's legal guardian at that time.

On March 14, 1994, after the trust agreement was executed by you and Wasile, you deposited approximately Twenty-Four Thousand Dollars ($24,000) into First Interstate Bank (FIB) Joshua Wasile Trust Account No. 144-2017593. You expended funds from that account at your discretion, as Trustee. You failed to comply with the provisions of the Trust Agreement, and you did not respond to Wasile's request for a full accounting of the trust fund. In fact, following Wasile's complaint to the State Bar, you provided only a partial accounting of the trust fund to Wasile.

Wasile's ongoing SSI benefits were suspended because you mishandled the trust funds in that you failed to comply with SSI requirements regarding use and/or expenditure of the funds used to establish the trust. After SSI terminated Wasile's ongoing benefits, Wasile, (who had by that time attained the age of eighteen (18) years), requested that you surrender the remaining trust funds to him. Wasile explained to you that he needed the funds in order to leave Thresholds, lease an apartment and cover his moving and initial living expenses. Upon receiving Wasile's request to surrender the balance of the trust, you prepared and sent a release form for Wasile's signature. The release required that before you would release the balance of the trust funds to Wasile, he would have to relinquish his rights to investigate any possibility of your wrongdoing, mishandling of monies and/or violations. Wasile refused to sign the release.

Additionally, in response to the State Bar's request to you for a full accounting of the trust account, you provided an incomplete documentation of the income, expenditures, and status of the trust fund. After a subpoena issued to you from the State Bar, you provided sufficient documentation from which a full accounting of the trust transactions could be

2

determined. You thereafter personally met with Bar Counsel and were very cooperative with him.

The State Bar's investigation in this matter indicates that you withdrew Nine Thousand One Hundred Thirty-Eight and 31/100ths Dollars ($9,138.31) in trustee's fees from the trust fund between March 14, 1994, and August 14, 1995, the pendency of the trust.

Your conduct in this regard is in violation of SCR 155 (Fees) and SCR 165 (Accounting and Safekeeping Property), and you are hereby SUSPENDED FOR A PERIOD OF NINETY (90) DAYS, to include the following provisions:

1. You shall pay restitution to Joshua Wasile in the total amount of Three Thousand ($3,000) Dollars, payable at the rate of One Hundred Twenty-Five Dollars ($125) per month for a period of two (2) years. Your payment of said restitution does not affect any action Joshua Wasile may wish to pursue concerning any other amount expended from the Joshua Wasile Trust Fund Account, and Joshua Wasile shall be free to pursue those matters in civil court, if he so desires.

2. You shall complete five (5) hours of Continuing Legal Education (CLE) in the area of Trusts within one (1) year of the Formal Hearing held in this matter on June 19, 1997. Those five (5) hours of CLE shall be completed in addition to any other requirements you may have as an attorney licensed in Nevada. You shall verify compliance with this condition to Bar Counsel, in writing, following completion of any and all CLE events.

3. You shall pay in full, pursuant to SCR 120(1), the actual costs of the transcript and court reporter's fees for these proceedings, in the amount of $1,228.50.

Cause appearing, we suspend Mumm from the practice of law in this state for ninety (90) days, subject to the conditions set forth above. The suspension shall commence

3

fifteen (15) days from the date of this order.   SCR 115(3). The parties shall comply with the notice provisions of SCR 115.[1]

It is so ORDERED.

_____, C.J.
Springer

_____, J.
Shearing

_____, J.
Rose

_____, J.
Young

_____, J.
Maupin

cc: Ronald D. Alling, Chairman
      Board of Bar Examiners
    Rob W. Bare, Bar Counsel
    Wayne Blevins, Executive Director
    MaryAnne Decaria, Chairman,
      Northern Nevada Disciplinary Board
    Dee Shore, Admissions Office,
      Supreme Court of the United States
    Christopher Eric Mumm

---

[1] We note that because this suspension is for less than six months, Mumm is not required to comply with the reinstatement provisions of SCR 116.

4

| SENDER: | I also wish to receive the following services (for an extra fee): |
|---|---|
| ■ Complete items 1 and/or 2 for additional services.<br>■ Complete items 3, 4a, and 4b.<br>■ Print your name and address on the reverse of this form so that we can return this card to you.<br>■ Attach this form to the front of the mailpiece, or on the back if space does not permit.<br>■ Write "Return Receipt Requested" on the mailpiece below the article number.<br>■ The Return Receipt will show to whom the article was delivered and the date delivered. | 1. ☐ Addressee's Address<br>2. ☐ Restricted Delivery<br>Consult postmaster for fee. |
| 3. Article Addressed to:<br>CHRISTOPHER ERIC MUMM<br>P.O. BOX 9025<br>SPARKS, NV 89507 | 4a. Article Number<br>P 415 270 736 |
| | 4b. Service Type<br>☐ Registered      ☐ Certified<br>☐ Express Mail    ☐ Insured<br>☐ Return Receipt for Merchandise  ☐ COD |
| 5. Received By: *(Print Name)* | 7. Date of Delivery  4-6-98 |
| 6. Signature: *(Addressee or Agent)*<br>X | 8. Addressee's Address *(Only if requested and fee is paid)* |

PS Form **3811**, December 1994                                    Domestic Return Receipt